AUSAs: Catherine Ghosh, Jerry Fang, Meredith Foster, Sebastian Swett, Jacob Fiddelman

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **24 MAG 425** |
| UNITED STATES OF AMERICA | <u>SEALED COMPLAINT</u> |
| v. | Violations of 18 U.S.C. §§ 666 and 1951 |
| CALVIN WRIGHT,<br>            Defendant. | COUNTY OF OFFENSE:<br>NEW YORK |

SOUTHERN DISTRICT OF NEW YORK, ss.:

DELCINE DOSCHER, being duly sworn, deposes and says that she is a Special Investigator with the New York City Department of Investigation ("NYC DOI") – Office of the Inspector General for the New York City Housing Authority ("NYCHA-OIG"), and charges as follows:

### COUNT ONE
### (Solicitation and Receipt of a Bribe by Agent of Organization Receiving Federal Funds)

1.      From at least in or about December 2018 through at least in or about September 2022, in the Southern District of New York and elsewhere, CALVIN WRIGHT, the defendant, being an agent of an organization, and of a state, local, and Indian tribal government, and an agency thereof, to wit, the New York City Housing Authority ("NYCHA"), which received, in the calendar years 2018 through 2022, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance, corruptly solicited and demanded for the benefit of a person, and accepted and agreed to accept, a thing of value from a person, intending to be influenced and rewarded in connection with business, a transaction, and a series of transactions of NYCHA involving a thing of value of $5,000 and more, to wit, WRIGHT solicited and accepted a total of at least approximately $1,800 in bribes in exchange for arranging for certain contractors to receive no-bid contracts from NYCHA worth a total of at least approximately $16,000.

(Title 18, United States Code, Section 666(a)(1)(B).)

### COUNT TWO
### (Extortion Under Color of Official Right)

2.      From at least in or about December 2018 through at least in or about September 2022, in the Southern District of New York and elsewhere, CALVIN WRIGHT, the defendant, knowingly committed and attempted to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), and thereby obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United

States Code, Section 1951(b)(3), to wit, WRIGHT, under color of official right, obtained money from NYCHA contractors, with their consent, that was not due WRIGHT or his office.

(Title 18, United States Code, Section 1951.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

## OVERVIEW

3. I am a Special Investigator with the NYC DOI NYCHA-OIG, and I have been personally involved in the investigation of this matter. I have been employed by NYC DOI since 2020. I and other members of the investigative team, which includes agents from NYC DOI, the United States Department of Housing and Urban Development – Office of Inspector General ("HUD-OIG"), United States Department of Homeland Security – Homeland Security Investigations ("HSI"), the United States Department of Labor – Office of Inspector General ("DOL-OIG"), and the United States Attorney's Office for the Southern District of New York ("USAO-SDNY") (collectively, the "Investigating Agencies"), have experience with bribery and extortion investigations and techniques associated with such investigations.

4. This affidavit is based in part upon my own observations, my conversations with other law enforcement agents and others, my examination of documents and reports prepared by others, my interviews of witnesses, and my training and experience. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all of the facts that I have learned during the course of the investigation. Where the contents of documents, including emails, and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where specifically indicated otherwise.

5. As set forth in more detail below, there is probable cause to believe that CALVIN WRIGHT, the defendant, an employee of NYCHA at all relevant times, solicited and accepted bribes from contractors in exchange for awarding no-bid contracts for work performed at NYCHA developments, and extorted contractors under color of official right.

## BACKGROUND REGARDING NYCHA AND NO-BID PROCESS

6. Based on my training and experience, review of records and manuals maintained by NYCHA, discussions with NYCHA employees, and discussions with other agents with the Investigating Agencies, I have learned that:

   a. NYCHA is a New York City public entity that provides housing to low- and moderate-income New York City residents.

   b. NYCHA's operations are funded, in part, by grants from the United States Department of Housing and Urban Development ("HUD"). In each year from at least 2018 through 2022, HUD provided over $1.5 billion in funding to NYCHA, making up a substantial portion of NYCHA's budget.

   c. NYCHA procurements funded at least in part through federal funds must abide by various federal regulations, including that NYCHA must conduct all procurement

2

transactions "in a manner providing full and open competition." As such, goods and services must typically be purchased via a bidding process in which NYCHA receives multiple bids after outreach to multiple prospective bidders.

    d. When the value of a contract is under a certain threshold (sometimes called a "micro purchase," and which contractors often refer to as a "purchase order" or "PO" contract), designated staff at NYCHA developments may hire a contractor of their choosing without soliciting multiple bids in order to quickly procure goods or services. This "no-bid" process is faster than the general NYCHA procurement process, and selection of the contractor requires approval of only the designated staff at the development where the work is to be performed. As is relevant to this Complaint, the threshold for a no-bid contract was $5,000 until approximately June 26, 2019, and was then raised to $10,000.

    e. For no-bid contracts, designated NYCHA staff typically communicate with a contractor to request an estimate for the proposed work. The contractor performs an initial site visit and then submits an itemized proposal to the designated staff. The NYCHA employee submits this proposal electronically to the NYCHA Procurement Department, located at 90 Church Street, New York, New York, and upon approval by the Procurement Department a purchase order is issued. After the Procurement Department issues the purchase order, the contractor then performs the work. After the work is completed, a designated NYCHA development staff member performs a site visit. If the staff member deems the contractor's work satisfactory, the NYCHA staff member approves the contractor's "statement of services" and submits it to NYCHA, which then issues payment directly to the contractor or to the contractor's bank account.

    f. NYCHA employees receive the NYCHA Human Resources Manual (the "Manual"), including periodic updated versions. Versions of the Manual from at least 2016 to the present state that "Employees of NYCHA may ***not***: . . .

> •  Accept a valuable gift as defined by the NYC Conflicts of Interest Board[1] from anyone that employees know or should know is seeking or receiving anything of value from the City or NYCHA.
>
> •  Accept anything from anyone other than NYCHA for doing their NYCHA job, except as may be expressly authorized by NYCHA. . . .
>
> •  Fail to report directly and without delay, to the Office of the Inspector General or the New York City Department of Investigation, any and all information concerning conduct that they know or should reasonably know to involve corrupt or other criminal activity or conflict of interest by any officer or employee of NYCHA or the City of New York which concerns their office or employment, or by any person dealing with NYCHA or the City of New York, which concerns their dealings with NYCHA or the City of New York. . . .

---

[1] The NYC Conflicts of Interest Board defines a "valuable gift" as "any gift to a public servant which has a value of $50.00 or more, whether in the form of money, service, loan, travel, entertainment, hospitality, thing or promise, or in any other form."

- Bribe, attempt to bribe, or solicit, give, agree to accept or accept a gratuity, benefit, money or anything of value in connection with their actions or duties as employees or in connection with the actions or duties of any other employee of NYCHA.

- Engage in any dishonest conduct, including but not limited to theft, fraud, [or] deceit, . . . falsifying or inappropriately altering any document, record, file or form of NYCHA or other entity, or knowingly submitting any falsified or inappropriately altered document, record, or form to NYCHA or other entity.

- Coerce or attempt to coerce, by intimidation, threat or harassment, any employee or resident of NYCHA or member of the public to engage in any activity that violates any law, or government regulation or any NYCHA rule or regulation."

### WRIGHT'S EMPLOYMENT BY NYCHA

7. Based on my review of records provided by NYCHA, I have learned the following, in substance and in part, regarding the NYCHA employment history of CALVIN WRIGHT, the defendant:

   a. From at least in or about July 2018 through at least in or about October 2022, WRIGHT was employed as an assistant superintendent at Marcy Houses, a NYCHA development located in Brooklyn, New York.

### WRIGHT'S SOLICITATION AND RECEIPT OF PAYMENTS

8. Based on my review of records provided by NYCHA, my discussions with other law enforcement officers, and my discussions with a cooperating witness ("CW-2")[2] who has performed work at NYCHA's Marcy Houses, among other developments,[3] I have learned the following, in substance and in part:

   a. Since at least in or about 2014, CW-2 has performed contracting work for NYCHA with several contracting companies that purchased materials from various retailers, including retailers that sold items in interstate commerce.

   b. CW-2 began performing no-bid purchase order work at Marcy Houses in or about 2014. CW-2 paid CALVIN WRIGHT, the defendant, approximately $600 to $700 for at

---

[2] The cooperating witnesses referenced in this Complaint are designated as "CW-2" and "CW-4" because this Complaint is being sought simultaneously with dozens of other Complaints charging other NYCHA employees arising out of the same investigation, and the Government has assigned unique numbers to cooperating witnesses across the entire investigation.

[3] CW-2 testified in the grand jury pursuant to an immunity order, and previously provided information to law enforcement during additional interviews pursuant to an agreement to extend the same immunity protections to the interviews. Based on my review of immigration records, I have learned that, based on matching biometric information, CW-2 appears to have previously applied for immigration benefits under a different name, which application was denied.

4

least one no-bid purchase order worth approximately $3,000 in or about September 2022.[4] CW-2 paid WRIGHT because WRIGHT would not approve the work that CW-2 had completed until CW-2 did so. NYCHA records include WRIGHT's name as the "deliver to person" in connection with this contract and indicate the contract was "closed" (which indicates a NYCHA employee approved the completed work).

        c.      CW-2 understood, based on his interactions with WRIGHT and with other NYCHA employees who similarly required payments for work, that if CW-2 did not make the payment to WRIGHT, WRIGHT would not approve the contract CW-2 had completed at Marcy Houses.

        d.      On or about July 26, 2023, CW-2 reviewed photobooks containing a photograph of WRIGHT among photographs of dozens of other individuals. CW-2 correctly identified the photograph of WRIGHT as "Calvin Wright" at Marcy Houses, the NYCHA employee to whom CW-2 had made payments in exchange for no-bid contracts from NYCHA.

        e.      CW-2 has a contact saved in CW-2's cellphone with the name "Kevin Super" and a particular phone number ending in -5156 (the "5156 Number"). Based on NYCHA Human Resources records which I have reviewed, I have confirmed that the 5156 Number is a personal phone number listed for WRIGHT.

        9.      Based on my review of records provided by NYCHA, my discussions with other law enforcement officers, and my discussions with a cooperating witness ("CW-4"),[5] who has performed work at NYCHA's Marcy Houses, among other developments, I have learned the following, in substance and in part:

        a.      Since at least in or about 2015, CW-4 performed contracting work for NYCHA as the owner of a contracting company that purchased materials from various retailers, including retailers that sold items in interstate commerce.

        b.      CW-4 began performing no-bid purchase order work at Marcy Houses in or about 2015. CW-4 was awarded at least approximately seven no-bid contracts at Marcy Houses from in or about November 2018 through in or about July 2019 (all of which are listed in NYCHA records as "closed"), during the time in which CALVIN WRIGHT, the defendant, served as an assistant superintendent at that NYCHA facility. WRIGHT told CW-4, in substance and in part, "take care of me," which CW-4 understood was a demand for payment. From in or about

---

[4] CW-2 also paid another assistant superintendent at Marcy Houses, whom CW-2 identified by name in a photograph. That assistant superintendent is being charged simultaneously with extortion and bribery offenses related to his solicitation of money for NYCHA contracts.

[5] CW-4 has provided information to law enforcement pursuant to a proffer agreement and has testified in the grand jury pursuant to an immunity order. CW-4 has never worked at any of the contracting companies where CW-2 worked. Both CW-2 and CW-4 were interviewed separately and instructed by law enforcement not to discuss the substance of their interviews and grand jury testimony in connection with this investigation, and I have no reason to believe that CW-2 and CW-4 know each other.

November 2018 through in or about July 2019, CW-4 paid WRIGHT approximately $400 to $500 in cash for each of approximately three to five no-bid contracts CW-4 received from WRIGHT.[6]

        c.    CW-4 understood, based on CW-4's interactions with WRIGHT and with other NYCHA employees who similarly required payments for work, that if CW-4 did not make payments to WRIGHT, CW-4 would not be awarded additional no-bid contracts for work at Marcy Houses.

        d.    On or about October 13, 2023, CW-4 reviewed photobooks containing a photograph of WRIGHT among photographs of dozens of other individuals. CW-4 identified the photograph of WRIGHT as "Kevin White" at Marcy Houses, the assistant superintendent to whom CW-4 had made payments in exchange for no-bid contracts from NYCHA. CW-4 later clarified that the name of the individual was "Calvin Wright," and, as noted below, CW-4 has a phone number for "Calvin Wright" saved in CW-4's phone.

        e.    CW-4 has provided a list of names and phone numbers for NYCHA employees to whom CW-4 paid money, including the name "Calvin Wright," from "Marcy Houses Brooklyn," along with the 5156 Number.

---

[6] CW-4 estimated during a proffer meeting that CW-4 had paid WRIGHT $400 to $500 each for approximately five contracts, and later testified that CW-4 paid WRIGHT approximately $500 each for approximately three to four contracts. NYCHA records include WRIGHT's name as the "deliver to person" in connection with approximately three no-bid contracts at Marcy Houses; although other contracts that CW-4 completed during this time period do not have WRIGHT listed as the "deliver to person," I understand from my discussions with a NYCHA employee that it was not uncommon for various individuals at a development to enter purchase orders into NYCHA's computerized system, and individuals other than the person listed as the "deliver to person" could have involvement in awarding or processing a particular no-bid contract.

WHEREFORE, I respectfully request that a warrant be issued for the arrest of CALVIN WRIGHT, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

_Delcine Doscher (by VF with permission)_
DELCINE DOSCHER
Special Investigator
New York City Department of Investigation
Office of the Inspector General for NYCHA

Sworn to me through the transmission of
this Complaint by reliable electronic
means this  31   day of   January        , 2024.

_____
THE HONORABLE VALERIE FIGUEREDO
United States Magistrate Judge
Southern District of New York

7